# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HARRY LUCORE, SR.; et al.,<br><br>　　　　　　　　　Plaintiffs,<br>　vs.<br><br>JUDGE PETER W. BOWIE; et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 12-CV-1288 BEN (WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket No. 4] |

Presently before the Court is Defendants' Motion to Dismiss. (Docket No. 4.) For the reasons stated below, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

On August 25, 2011, Steven Harry Lucore, Sr. and Judy Lynne Lucore filed a Voluntary Petition for Chapter 13 bankruptcy in the Bankruptcy Court for the Southern District of California. *See In re Lucore and Lucore*, 11-14196-PB13 (Bankr. S.D. Cal. 2011) ("Bankruptcy Action"). The Bankruptcy Action was assigned to United States Bankruptcy Judge Peter Bowie. On September 27, 2011, the California Housing Finance Agency filed a Motion for Relief from Automatic Stay relating to a piece of real property in the Bankruptcy Action. During the hearing on the Motion for Relief from Automatic Stay, Mr. Lucore requested that a jury decide the motion. Judge Bowie denied Mr. Lucore's request.

On May 29, 2012, the Lucores filed the present action against Judge Bowie and the United States. The Complaint alleges deprivation of the Lucores' right to a jury trial, negligence by Judge Bowie for failure to properly adjudicate the bankruptcy case, violation of the Lucores' due process

rights, violation of the Lucores' Fourth Amendment rights, and negligence by the United States for failure to provide proper training and guidance to Judge Bowie. The Lucores' allegations arise from Judge Bowie's denial of the Lucores' request for a jury to decide the Motion for Relief from Automatic Stay.

Presently before the Court is Defendants Judge Bowie's and the United States' Motion to Dismiss. A hearing took place on August 27, 2012. At the hearing, the Lucores argued that they had not been properly served with the Motion to Dismiss. The Court granted the Lucores a continuance in order to allow them to file an opposition to the Motion to Dismiss. (Docket No. 11.) The Lucores filed on opposition on September 26, 2012. (Docket No. 12.)

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

### I.   CLAIMS AGAINST JUDGE BOWIE

"[A] judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (internal quotation marks omitted). Consequently, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly." *Id.* at 355-56 (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has

acted in the clear absence of all jurisdiction."[1] *Id.* at 356-57 (internal quotation marks omitted).

This judicial immunity bars suits for money damages as well as injunctive relief brought against federal judicial officers. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (holding that there is "no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against *federal* judicial officers"). In addition, whether a plaintiff sues a judicial officer in the officer's official capacity or as an individual is irrelevant, as courts determine whether judicial immunity applies by analyzing the "functions it protects and serves, not the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

Here, the Lucores' claims arise from Judge Bowie's denial of the Lucores' request for a jury to decide the Motion for Relief from Automatic Stay. This decision was a judicial act over which Judge Bowie, a federal judicial officer, had subject matter jurisdiction. Accordingly, the Lucores' claims for money damages as well as their request for injunctive relief against Judge Bowie are barred.

## II.  CLAIMS AGAINST THE UNITED STATES

Under the Federal Tort Claims Act ("FTCA"), the United States is "entitled to assert any defense based upon judicial or legislative immunity which otherwise could have been available to the employee of the United States whose act or omission gave rise to the claim" in response to common law tort claims. 28 U.S.C. §§ 1346(b), 2674. Here, the United States is protected by the judicial immunity defense that is available to Judge Bowie.

In addition, the Lucores' claim that the United States is responsible for failing to properly train and supervise Judge Bowie is barred. Although the FTCA waives the United States' sovereign immunity under certain circumstances, 28 U.S.C. §§ 1346(b), 2671-2680, its sovereign immunity is not waived for claims "based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). A claim for failure to properly supervise or train a government employee falls within the discretionary function exemption.

---

[1] The phrase "clear absence of all jurisdiction" is interpreted to mean "a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987).

*See Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000); *Grager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998). Here, the United States' training decisions regarding bankruptcy judges are discretionary acts for which the United States has not waived its sovereign immunity.

### III. THE LUCORES' OPPOSITION

In their opposition, the Lucores withdraw their claims for damages, and request to proceed only with their claims for declaratory and injunctive relief. The Lucores argue that judges do not have absolute immunity when no monetary relief is requested. On the contrary, judicial immunity bars suits for injunctive relief brought against federal judicial officers. *Mullis*, 828 F.2d at 1394 (holding that there is "no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against *federal* judicial officers"). The authority the Lucores cite in support of their argument concerns state judicial officers, and is therefore inapplicable to the present action. *See, e.g., Pulliam v. Allen*, 466 U.S. 522 (1984).

In addition, the Lucores argue that judicial immunity does not apply because Judge Bowie exceeded his jurisdiction. Specifically, the Lucores argue that Judge Bowie did not act within his official capacity because he was biased against the Lucores. There is no evidence, however, that Judge Bowie performed acts outside of his official capacity or was biased against the Lucores.

### CONCLUSION

For the reasons stated above, the Motion to Dismiss is **GRANTED**. This action is **DISMISSED** with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: November /6, 2012

HON. ROGER T. BENITEZ
United States District Judge